UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH ABDUL and ROBERT PAREZ,   )
    )   **AMENDED COMPLAINT**
    )
       Plaintiffs,   )
    )   **JURY TRIAL DEMANDED**
   -against-   )
    )   15 Civ. 38 (AT)
THE CITY OF NEW YORK; NEW YORK CITY  )
POLICE OFFICER NICHOLAS SAVARY, Shield )
No. 7859; NEW YORK CITY POLICE   )
SERGEANT JOSEPH DURANTE, Shield No. 521; )
JOHN DOES #s 1-3; JOHN DOES and   )
RICHARD ROES,   )
    )
       Defendants.   )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil action in which the plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.    The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff JOSEPH ABDUL filed a timely Notice of Claim with the Comptroller of the City of New York on November 8, 2013, within 90 days of the dismissal of the criminal charges against him.  Plaintiff ROBERT PAREZ filed a timely Notice of Claim with the Comptroller of the City of New York on November 12, 2013, within 90 days of the dismissal of the criminal charges against him.  More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiffs at all times relevant herein were residents of the State of New York, County of Richmond.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and

for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.     Defendants POLICE OFFICER NICHOLAS SAVARY, NEW YORK CITY POLICE SERGEANT JOSEPH DURANTE, JOHN DOES #s 1-3, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants POLICE OFFICER NICHOLAS SAVARY, NEW YORK CITY POLICE SERGEANT JOSEPH DURANTE, JOHN DOES #s 1-3 are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER NICHOLAS SAVARY, NEW YORK CITY POLICE SERGEANT JOSEPH DURANTE, JOHN DOES #s 1-3, and JOHN DOES are sued individually and in their official capacity.

10.     Defendants NEW YORK CITY POLICE SERGEANT JOSEPH DURANTE and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York

3

City Police Department, responsible for the training, retention, supervision, discipline and control

of subordinate members of the police department under their command.  Defendants NEW YORK

CITY POLICE SERGEANT JOSEPH DURANTE and RICHARD ROES are and were at all

times relevant herein acting under color of state law in the course and scope of their duties and

functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF

NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them

by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise

performing and engaging in conduct incidental to the performance of their lawful functions in the

course of their duties.  Defendants NEW YORK CITY POLICE SERGEANT JOSEPH

DURANTE and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     On February 1, 2013, at approximately 4 p.m., Plaintiffs JOSEPH ABDUL and

ROBERT PAREZ were assisting Mr. PAREZ's brother to repair vandalized tires on his car,

which was in a parking spot near the intersection of Mallory Street and Fotch Avenue in Staten

Island, NY.

12.     Plaintiffs JOSEPH ABDUL and ROBERT PAREZ were sitting in Mr. PAREZ's

brother's car awaiting Mr. PAREZ's brother's return, when they were approached by Defendants

POLICE OFFICER NICHOLAS SAVARY and JOHN DOES #s 1-3 (at least one of whom was

female).

13.     POLICE OFFICER NICHOLAS SAVARY and JOHN DOES #s 1-3 asked

Plaintiffs to step out of the car, and they did so.

14.     One of the Defendant Police Officers asked if he could search the Plaintiffs and the

4

car.

15.    Plaintiffs did not give consent for the Defendant Officers to search either their persons or the car.

16.    The Defendant Officers searched both Plaintiffs, and the interior of the car, including the glove box.

17.    Plaintiff JOSEPH ABDUL was told that the officers had received a call about a "grand theft auto," and explained that there was no grand theft auto occurring, and that they were helping to repair tires that had been vandalized.

18.    One of the officers did not like the way Plaintiff JOSEPH ABDUL was speaking with him, and told Plaintiff JOSEPH ABDUL that he was "being a smart mouth."

19.    Both Plaintiffs were handcuffed, and placed under arrest.

20.    The handcuffs were applied to Plaintiff ROBERT PAREZ with an excessive and painful tightness.

21.    Plaintiff ROBERT PAREZ complained that the handcuffs had been applied to him with an excessive and painful tightness, but his complaints were ignored by the Defendant Police Officers.

22.    Plaintiffs were brought to the NYPD 122nd Precinct, where they were fingerprinted, photographed, searched again, and placed into a holding cell.

23.    After approximately 6 hours at the precinct, Plaintiffs were released with Desk Appearance Tickets requiring their appearance in Criminal Court.

24.    Plaintiffs were falsely charged with possession of heroin.

25.    Defendant POLICE SERGEANT JOSEPH DURANTE is listed on police

paperwork as being the "supervisor approving" Plaintiffs' arrests.

26.     A Supporting Deposition was sworn to by Defendant POLICE OFFICER
NICHOLAS SAVARY, falsely alleging that a glassine envelope containing alleged heroin was
found in the front driver's seat of the car, and that a spoon containing alleged heroin was found in
the center console of the car.

27.     These allegations are false – there was no glassine (or other type of) envelope on
the front driver's seat of the car (or anywhere else in the car), and although there were both forks
and spoons in the car, there was nothing about any of the spoons that would suggest that it
contained heroin residue, and none of the spoons did contain heroin residue.

28.     Defendant POLICE OFFICER NICHOLAS SAVARY testified at a suppression
hearing on August 20, 2013 that he determined that the car belonged to Plaintiff ROBERT
PAREZ's brother.

29.     Defendant POLICE OFFICER NICHOLAS SAVARY also testified at the
suppression hearing on August 20, 2013 that he did not recall if the spoon that he believed
contained heroin residue appeared to be burnt in any way.

30.     Defendant POLICE OFFICER NICHOLAS SAVARY also testified at the
suppression hearing on August 20, 2013 that there was no burnt smell in the car or near the car
when he (along with JOHN DOES 1-3) arrested Plaintiffs.

31.     Defendant POLICE OFFICER NICHOLAS SAVARY also testified at the
suppression hearing on August 20, 2013 that he did not recall Plaintiffs appearing to be under the
influence of any drugs when he (along with JOHN DOES 1-3) arrested Plaintiffs.

32.     Defendant POLICE OFFICER NICHOLAS SAVARY also testified at the

6

suppression hearing on August 20, 2013 that he had not received any training in the identification or field testing of heroin, and that he did not know if heroin tended to be brown or yellowish in color.

33.     Defendant POLICE OFFICER NICHOLAS SAVARY also testified at the suppression hearing on August 20, 2013 that the packet of alleged heroin (which was not, at any rate, there in any form) was wax paper, and not a glassine envelope.

34.     Plaintiffs had to return to court numerous times until a Decision and Order was issued on October 9, 2013, holding that based upon the facts elicited at the suppression hearing there was not probable cause to arrest Plaintiffs, and granting Plaintiffs' motions to suppress evidence.

35.     All charges against Plaintiffs were dismissed in their entirety on the motion of the District Attorney's office on October 9, 2013.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.     By their conduct and actions in falsely arresting and imprisoning, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to due process of, violating and retaliating for the exercise of free speech and association of, unlawfully searching and seizing, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and /or evidence with regard to, Plaintiffs, Defendants SAVARY, JOHN DOES #s 1-3,

7

and JOHN DOES, acting under color of law and without lawful justification, intentionally,

maliciously, and with a deliberate indifference to or a reckless disregard for the natural and

probable consequences of their acts, caused injury and damage in violation of Plaintiffs'

constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution,

including its First, Fourth and Fourteenth amendments.

38.      As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

bodily injury (Plaintiff ROBERT PAREZ only), pain and suffering (Plaintiff ROBERT PAREZ

only), psychological and emotional injury (garden variety emotional distress for Plaintiff ROBERT

PAREZ), humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

39.      The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

40.      By failing to remedy the wrongs committed by their subordinates, and in failing to

properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD

ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C.

§1983, and the United States Constitution, including its First, Fourth and Fourteenth

amendments.

41.      As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

bodily injury (Plaintiff ROBERT PAREZ only), pain and suffering (Plaintiff ROBERT PAREZ

only), psychological and emotional injury (garden variety emotional distress for Plaintiff ROBERT

PAREZ), humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

42.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

44.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

45.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

9

46.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of

and/or retaliation for individuals' exercise of free speech and association when police officers take

affront to such lawful protected activity including where individuals express verbal criticism of

police conduct or question the propriety of police conduct.  These policies, practices, customs,

and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

47.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

bodily injury (Plaintiff ROBERT PAREZ only), pain and suffering (Plaintiff ROBERT PAREZ

only), psychological and emotional injury (garden variety emotional distress for Plaintiff ROBERT

PAREZ), humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

48.     The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

49.     The conduct of the individual defendants alleged herein, occurred while they were

on duty and in uniform, and/or in and during the course and scope of their duties and functions as

New York City police officers / supervisors, and/or while they were acting as agents and

employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF

NEW YORK is liable to plaintiffs pursuant to the state common law doctrine of respondeat

superior.

50.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury (Plaintiff ROBERT PAREZ only), pain and suffering (Plaintiff ROBERT PAREZ only), psychological and emotional injury (garden variety emotional distress for Plaintiff ROBERT PAREZ), humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

51.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

52.     By the actions described above, defendants maliciously prosecuted plaintiffs without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

53.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury (Plaintiff ROBERT PAREZ only), pain and suffering (Plaintiff ROBERT PAREZ only), psychological and emotional injury (garden variety emotional distress for Plaintiff ROBERT PAREZ), humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empaneling of a jury to consider the merits of the claims herein;

      d. Costs and interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
             June 30, 2015

                                    JEFFREY A. ROTHMAN, Esq.
                                    Law Office of Jeffrey A. Rothman
                                    315 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 227-2980

                                    Attorney for Plaintiffs